UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs<br><br>v.<br><br>TOTAL TOXICOLOGY LABS, LLC; MARTIN BLUTH, M.D.; SCOTT P. ZACK, D.C.; and CORY J. MANN,<br><br>Defendants. | C.A. No. 16-cv-12220-DPH-MKM |

## PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Pursuant to Local Rule 7.1, Local Rule 11.1, Fed. R. Civ. P. 11(c), and this Court's inherent authority, plaintiffs Allstate Insurance Company and Allstate Property and Casualty Insurance Company (collectively, "Allstate") hereby move to strike as untimely the reply of defendants Total Toxicology Labs, LLC, Martin Bluth, M.D., Scott P. Zack, D.C., and Cory J. Mann (collectively, "the defendants") (*Docket No. 23*) to Allstate's Response to the defendants' Motion to Dismiss Allstate's Complaint (*Docket No. 21*). The reasons supporting Allstate's request are set out in the attached brief.

The undersigned hereby certifies that she conferred with counsel for the defendants pursuant to Local Rule 7.1(a) regarding the subject matter of this motion, but concurrence with Allstate's requested relief was not forthcoming.

WHEREFORE, for the reasons set out herein and detailed in the attached brief in support of this motion to strike the defendants' reply, Allstate respectfully requests that this Court enter an order as follows:

> STRIKING the improper and untimely reply to Allstate's response to the defendants' Motion to Dismiss Allstate's Complaint filed by the defendants at Docket No. 23.

Respectfully Submitted,

SMITH & BRINK, P.C.

*/s/ Jacquelyn A. McEttrick*

_____
Richard D. King, Jr.
rking@smithbrink.com
Nathan A. Tilden, (P76969)
ntilden@smithbrink.com
Jacquelyn A. McEttrick,
jmcettrick@smithbrink.com
John D. Tertan
jtertan@smithbrink.com
38777 Six Mile Road, Suite 314
Livonia, MI 48152
(734) 521-9000

350 Granite St., Suite 2303
Braintree, MA 02184
(617) 770-2214

*Attorneys for Plaintiffs*

Dated:  December 6, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>     Plaintiffs<br><br>v.<br><br>TOTAL TOXICOLOGY LABS, LLC; MARTIN BLUTH, M.D.; SCOTT P. ZACK, D.C.; and CORY J. MANN,<br><br>     Defendants. | C.A. No. 16-cv-12220-DPH-MKM |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

# **TABLE OF CONTENTS**

Table of Contents ..................................................................................................i

Statement of Issues Presented ...............................................................................ii

Table of Authorities...............................................................................................iii

Brief in Support..................................................................................................... 1

    I.       Background ............................................................................................ 1

   II.      Discussion ............................................................................................. 1

           A.     Defendants' Reply was Filed after the Time
                 Permitted by Local Rule 7.1(e)(1)......................................................... 3

           B.     The Defendants' Untimely Reply is Meritless................................... 3

                 1.   Allstate's Allegations Comply with Rule 9(b).......................... 3

                 2.   The Exact Arguments Proffered by the Defendants
                      Have Been Rejected by the Federal Courts ............................... 9

           C.     Striking the Defendants' Reply Is the Appropriate Sanction............ 11

  III.     Conclusion........................................................................................... 11

## **STATEMENT OF ISSUES PRESENTED**

1. Whether the defendants' reply to Allstate's Response to the defendants' Motion to Dismiss was filed within the deadline established by Local Rule 7.1(e)(1)?

    Allstate Answers: No

    Defendants Answer:  No

2. Whether the defendants' untimely reply to Allstate's Response to the defendants' Motion to Dismiss should be stricken?

    Allstate Answers: Yes

    Defendants Answer:  No

# TABLE OF AUTHORITIES

**CASES**

Allen v. Andersen Windows, Inc.,
    2012 U.S. Dist. LEXIS 180320 (S.D. Ohio Dec. 20, 2012)

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)

Detroit Carpenters Fringe Ben. Funds v. Andrus Acoustical, Inc.,
    2012 U.S. Dist. LEXIS 23159 (E.D. Mich., Feb. 23, 2012)

Michaels Bldg. Co. v. Ameritrust Company, N.A.,
    848 F.2d 674 (6th Cir. 1988)

Miller v. Currie,
    50 F.3d 373 (6th Cir. 1995)

State Farm Mut. Auto. Ins. Co. v. Kalika,
    2006 U.S. Dist. LEXIS 97454 (E.D.N.Y. Mar. 16, 2006)

Toyz, Inc. v. Wireless Toyz, Inc.,
    799 F. Supp. 2d 737 (E.D. Mich. 2011)

**RULES**

Local Rule 7.1

Local Rule 11.1

Fed. R. Civ. P. 9(b)

Fed. R. Civ. P. 11(c)

Eastern District of Michigan Electronic Filing Policies and Procedures R. 8

Plaintiffs Allstate Insurance Company and Allstate Property and Casualty Insurance Company (collectively, "Allstate") hereby submit the within brief in support of their motion to strike the reply (*Docket No 23*) of defendants Total Toxicology Labs, LLC ("Total Toxicology"); Martin Bluth, M.D. ("Bluth"); Scott Zack, D.C. ("Zack"); and Cory J. Mann ("Mann") (collectively, the "defendants") to Allstate's Response to the defendants' Motion to Dismiss Allstate's Complaint ("Response"), filed by Allstate at Docket No. 21 on November 14, 2016.

## I.    BACKGROUND

On June 16, 2016, Allstate filed its Complaint against the defendants alleging that they conspired to, and did in fact, defraud Allstate by perpetrating a healthcare billing fraud scheme. The defendants filed their Motion to Dismiss Allstate's Complaint on October 27, 2016 (*Docket No. 18*). Allstate filed its Response in Opposition on November 14, 2016 (*Docket No. 21*). The defendants filed their reply to Allstate's Response on December 5, 2016 (*Docket No. 23*), a full twenty-one (21) days after Allstate filed and served its Response. The reply is clearly late under the applicable Local Rule and must be stricken.

## II.   DISCUSSION

### A.    DEFENDANTS' REPLY WAS FILED AFTER THE TIME PERMITTED BY LOCAL RULE 7.1(e)(1)

As set forth above, the defendants filed their reply more than fourteen (14) days after Allstate filed and served its Response. Under the plain language of the Local Rules

1

of this Court, this reply was filed late and must be stricken. Local Rule 7.1(e) governs the pleading and briefing deadlines for motion practice in the Eastern District of Michigan. Under Local Rule 7.1(e)(1)(A), "Dispositive Motions" are defined exclusively as one of the following:

- for injunctive relief,
- for judgment on the pleadings,
- for summary judgment,
- to dismiss or quash an indictment or information made by a defendant,
- to suppress evidence in a criminal case,
- to certify or decertify a class,
- to dismiss for failure to state a claim upon which relief can be granted, and
- to involuntarily dismiss an action.

Pursuant to Local Rule 7.1(e)(1)(C), "a reply brief supporting a dispositive motion must be filed within 14 days after service of the response." Local Rule 7.1(e)(1)(C).

The defendants' Motion to Dismiss Allstate's Complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure is a dispositive motion. "A response to a dispositive motion must be filed within 21 days after service of the motion." Local Rule 7.1(e)(1)(B). Allstate filed its Response within the designated twenty-one (21) day timeframe on November 14, 2016 using the Court's ECF system. *Docket No. 21.* Filing by ECF constitutes service of the paper as if by first-class mail, pursuant to R. 8(b) and (c) of the Electronic Filing Policies and Procedures of this Court. The filing of the reply by the defendants on December 5, 2016 was significantly more than fourteen days after service of Allstate's Response and, accordingly, is barred by the controlling Local Rule 7.1(e)(1)(C). Allstate also notes the Court's specific Practice

2

Guidelines that "[t]he Court strictly enforces the requirements of Eastern District of Michigan Local Rule 5.1 and Local Rule 7.1 and the Electronic Filing Policies and Procedures for all motions" (emphasis added). The defendants have not proffered and there is no excuse for the defendants' untimely reply brief.

### B. THE DEFENDANTS' UNTIMELY REPLY IS MERITLESS

As set out above, the defendants' reply brief was inexcusably late in violation of applicable court rules. While this fact alone is sufficient to strike the brief, Allstate also submits that the reply brief can be stricken for its substantive failures. The entirety of the defendants' reply brief arguments are based on their made-up RICO pleading standard that Allstate has "fail[ed] to adequately allege any impropriety between the Defendants and Mendelsohn [sic] Orthopedics." *Docket No. 23, p. 2*. Significantly, the defendants do not cite a single case in support of this purported pleading standard that all RICO counts require allegations regarding collusion between a laboratory and its referring physicians. The reason for this omission is obvious: this is not the standard for pleading RICO. Moreover, the defendants ignore Allstate's numerous factual allegations in the Complaint, all of which confirm that Allstate has satisfied Rule 9(b).

#### 1. Allstate's Allegations Comply with Rule 9(b)

Based solely on their personal view of Allstate's Complaint allegations as "flimsy" and "feeble" (ironically, these are entirely conclusory terms themselves), the defendants deem Allstate's allegations not compliant with Rule 9(b). Even a cursory review of Rule 9(b) and cases interpreting the same confirm that the defendants are

3

wrong. In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) (<u>Iqbal</u>), the Supreme Court itemized those allegations in Iqbal's complaint that were "conclusory" and those that were sufficiently "factual" to overcome a Rule 9(b) challenge. The results are telling. The Supreme Court deemed the following assertions to be factual:

- "the [FBI], under the direction of Defendant MUELLER, arrested and detained thousands of Arab Muslim men . . . as part of its investigation of the events of September 11"

- "[t]he policy of holding post-September-11th detainees in highly restrictive conditions of confinement until they were 'cleared' by the FBI was approved by Defendants ASHCROFT and MUELLER in discussions in the weeks after September 11, 2011"

556 U.S. at 681 (ellipsis original). The allegations that the Supreme Court deemed "conclusory" were because they "amount to nothing more than a 'formulaic recitation of the elements' of" Iqbal's cause of action. <u>Id</u>.

With this discrete example for use as a comparison, it is clear that Allstate's allegations against the defendants fall on the "factual allegation" end of the spectrum. Indeed, it is not an element of a single one of Allstate's causes of action (RICO, common law fraud, unjust enrichment, payment under mistake of fact) that the defendants (or anyone) billed for urine drug testing that was never performed (*Docket No. 1, ¶¶ 105-116*), or billed for urine drug testing referred via an improper referral relationship with Mendelson Kornblum (*Docket No. 1, ¶¶ 117-127*), or that the defendants performed urine drug testing in clear violation of the standard of care for clinical laboratories, including performing unnecessary confirmatory testing of

4

expected point-of-care screening results (*Docket No. 1, ¶¶ 130-221*), or that the defendants enabled unnecessary urine drug testing by the panel preferences, procedures, and preprinted forms they created and demanded be used (*Docket No. 1, ¶¶ 232-261*), or that the defendants added their own diagnosis codes indicating that patients were diagnosed with long-term drug therapy that were not made by referring providers (*Docket No. 1, ¶¶ 17, 262-306*), or that the defendants engaged in a number of improper billing practices, including unbundling specimen validity testing (*Docket No. 1, ¶¶ 311-325*) and billing multiple units for codes defined as "each procedure" (*Docket No. 1, ¶¶ 326-332*). Instead, these are the facts that demonstrate the particular vehicle by which the defendants committed RICO violations and fraud. Allstate did not merely list *pro forma* the elements of a substantive RICO violation (enterprise, participation, pattern of racketeering activity), but rather alleged facts showing that Total Toxicology is a legal entity organized under Michigan law (i.e., an enterprise); that Zack, Bluth, and Mann manage, direct, obtain referrals to, and oversee billing for Total Toxicology (i.e., Zack, Bluth, and Mann participated in the Total Toxicology enterprise); and that mailing bills for services not actually rendered and performed (if at all) in derogation of established standards of care to insurers in violation of Michigan's No-Fault Act, Mich. Comp. Laws § 500.3101, *et seq.*, was an ordinary part of Total Toxicology's business (i.e., a pattern of racketeering activity).

Allstate does not merely allege that "Zack, Bluth, and Mann participated in a RICO enterprise." Instead, Allstate cites concrete facts and examples of their conduct

5

related to the Total Toxicology enterprise. For example, the statement that the defendants "billed Allstate for services not rendered every time [Total Toxicology] sought reimbursement for CPT Code 83789 as Total Toxicology did not use the testing methodology encompassed by that code" (*Docket No. 1, ¶ 105*) is not a conclusory allegation under the standard articulated by the Supreme Court in Iqbal. As a pleading matter, there is little difference between this allegation concerning the defendants and the certified factual allegation in Iqbal that, for example, "detainees [had to be] cleared [by] Ashcroft and Mueller." In particular, neither allegation is explicitly an element of a cause of action, which was cautioned against by the Iqbal court. Allstate's allegations against Zack, Bluth, and Mann are neither conclusory as a matter of law nor conclusory as a matter of common sense and logic.

The defendants dedicate the entirety of their untimely reply brief to discussing Allstate's allegations related to Mendelson Kornblum, but are silent as to all of the other facts alleged by Allstate, including billing for services not rendered (*Docket No. 1, ¶¶ 105-116*), defendant Bluth's letters falsely attesting to medical necessity (*Docket No. 1, ¶¶ 5, 16, 43, 138, 171, 187, 203, 219, 256, 282, 292, 303, 333, 349, 351, 361*), testing in contravention of the standard of care for clinical laboratories (*Docket No. 1, ¶¶ 128-261*), that the defendants made up their own diagnosis codes and inserted them on bills, even though those diagnoses did not come from a qualified healthcare professional (*Docket No. 1, ¶¶ 262-306*), and that the defendants utilized fraudulent billing practices, including unbundling and billing multiple units (*Docket No. 1, ¶¶ 307-332*). This

6

silence is deafening: Allstate's allegations against the defendants are comprehensive and overwhelming, and provide numerous bases to sustain Allstate's causes of action, any one of which would be singularly sufficient.

Thus, the defendants' arguments regarding their improper relationship with Mendelson Kornblum are irrelevant at best (since Allstate has alleged numerous facts explaining the various reasons why the defendants' purported urine drug testing is improper apart from just the unnecessary referrals from Mendelson Kornblum) and frivolous at worst. For example, while the defendants assert in their untimely reply brief that Allstate has not alleged "any impropriety between the Defendants and Mendelsohn [sic] Kornblum" (*Docket No. 23, p. 2*), not even half a page later, the defendants acknowledge that Allstate's Complaint contains an entire section entitled "IMPROPER RELATIONSHIP WITH REFERRING PHYSICIANS" and the defendants then set out ten bullet points summarizing Allstate's factual allegations regarding their improper relationship with Mendelson Kornblum (id. at pp. 2-3). Not surprisingly, the defendants contest the factual allegations asserted by Allstate, but that is not an appropriate argument on a motion to dismiss. Indeed, the defendants' proposed standard of review on motion to dismiss eviscerates the holdings of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Iqbal, both of which confirmed the long-established rule that "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief." Iqbal, 556 U.S. at 679. Neither Twombly nor Iqbal permits or endorses transforming the pleading stage into summary judgment or trial.

To the contrary, Sixth Circuit law is clear that at the motion to dismiss stage, "[i]t is not the function of the court to weigh evidence or evaluate the credibility of witnesses." Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995). Indeed, "a motion to dismiss rests upon the pleadings rather than the evidence . . . ." Toyz, Inc. v. Wireless Toyz, Inc., 799 F. Supp. 2d 737, 742 (E.D. Mich. 2011) (emphasis added). *See also* Detroit Carpenters Fringe Ben. Funds v. Andrus Acoustical, Inc., 2012 U.S. Dist. LEXIS 23159 (E.D. Mich., Feb. 23, 2012), quoting Twombly, 550 U.S. at 570 ("The present case involves a motion to dismiss rather than a motion for summary judgment. Thus, the Court does not evaluate the evidence, but rather determines whether Plaintiffs have offered 'sufficient factual allegations that make the asserted claim plausible on its face'").

Allstate has more than met its Fed. R. Civ. P. 9(b) burden with respect to its substantive RICO violation and common law fraud counts. Indeed, Rule 9(b) "requires only that the 'circumstances' of the fraud be pled with particularity, not the evidence of the case. While 'circumstances' may consist of evidence, the rule does not mandate the presentation of facts and evidence in a complaint." Michaels Bldg. Co. v. Ameritrust Company, N.A., 848 F.2d 674, 680 n.9 (6th Cir. 1988) (emphasis added). Indeed, "[t]he main purpose behind Rule 9(b) is to provide the defendant with notice of the plaintiff's claim so that the defendant may prepare an informed responsive pleading." Allen v.

8

Andersen Windows, Inc., 2012 U.S. Dist. LEXIS 180320, *10-*11 (S.D. Ohio Dec. 20, 2012). *See also* Michaels Bldg., 848 F.2d at 679. The defendants fundamentally misinterpret and misconstrue the meaning of Fed. R. Civ. P. 9(b) in their motion. "Rule 9(b) does not require omniscience; rather the Rule requires that the circumstances of the fraud be pled with enough specificity to put defendants on notice as to the nature of the claim. . . . Especially in a case in which there has been no discovery, courts have been reluctant to dismiss the action where the facts underlying the claims are within the defendant's control." Michaels Bldg., 848 F.2d at 680.

There is no question that the defendants can prepare "an informed responsive pleading" to Allstate's Complaint. Indeed, by arguing the sufficiency of some of the facts alleged by Allstate (such as the allegations related to Mendelson Kornblum), the defendants have demonstrated that they are aware of the allegations against them and are more than capable of admitting or denying Allstate's allegations. Rule 9(b) does not require anything more.

        **2.**    **The Exact Arguments Proffered by the Defendants Have Been Rejected by the Federal Courts**

The defendants falsely state to the Court that "Allstate does not allege Total Toxicology conspired with doctors to order unnecessary tests." *Docket No. 23, p. 3*. As discussed above, in fact Allstate dedicates an entire section of its Complaint (*Docket No. 1, Section VI*) to alleging that "the relationships and numerous connections between Zack and Mann (the owners of Total Toxicology) and the Mendelson group (who

9

account for almost all of the referrals to Total Toxicology) <u>directly resulted in unnecessary referrals for urine drug testing</u>." *Docket No. 1, ¶ 126 (emphasis added).* Similarly, the defendants' statement that "Allstate dares not name, let alone sue, any physician supposedly in cahoots with Total Toxicology to defraud" (*Docket No. 23, p. 4*) is also patently false as Allstate names Mendelson Kornblum numerous times in its Complaint.

The exact argument made by the defendants here that they were merely following orders from the referring physician defies both the actual allegations made by Allstate (discussed above) and has also been rejected by the federal courts.  For example, in <u>State Farm Mut. Auto. Ins. Co. v. Kalika</u>, 2006 U.S. Dist. LEXIS 97454, *34 (E.D.N.Y. Mar. 16, 2006), adopted 04-cv-04631-CBA-CLP at Docket No. 105 (March 31, 2006), the court considered and rejected the precise argument presented by the defendants here: "Moreover, to the extent that the Kalika defendants contend that the Complaint fails to state a claim and is subject to dismissal under Rule 12(b)(6) because Dr. Kalika was bound by the orders of the prescribing physicians to perform tests they had determined were medically necessary, <u>this is not an issue appropriate for resolution on a motion to dismiss</u>.  Instead, because this argument disputes the factual allegations of the Complaint and because the Court is required on a motion to dismiss to accept as true all allegations in the Complaint, . . . the Court respectfully recommends that defendants' motion to dismiss the fraud claims under Rules 9 and 12(b)(6) be denied" (emphasis added).  While Allstate contends that it has already satisfied the RICO

10

pleading standards by its well-pleaded Complaint, any question as to the same invokes factual determinations that cannot be decided at this stage of the proceedings.

Thus, for both procedural and substantive reasons, the defendants' reply brief should be stricken.

### C. STRIKING THE DEFENDANTS' REPLY IS THE APPROPRIATE SANCTION

Local Rule 11.1 states that if a provision of the Local Rules has been knowingly violated, the Court may impose an appropriate sanction upon the attorneys, law firms, or parties that have violated the Local Rule. Local Rule 11.1 further states that the "nature of sanctions shall be as set out in Fed. R. Civ. P. 11(c)." Federal Rule of Civil Procedure 11(c) directs that sanctions be designed to deter repeat violations of procedural rules. The defendants offer no excuse for their untimely reply brief. Nor did they seek an extension from either Allstate or the Court. Instead, the defendants set their own deadline without any regard for the prevailing rules, the Court, or Allstate. Striking the untimely reply to Allstate's Response is a narrowly-tailored sanction that will hopefully impress upon the defendants the importance of adhering to the court rules going forward.

### III. CONCLUSION

For the reasons stated herein, Allstate respectfully requests that this Court enter an order striking the defendants' reply to Allstate's Response to the defendants' Motion to Dismiss Allstate's Complaint.

        Respectfully Submitted,

        SMITH & BRINK, P.C.

        */s/ Jacquelyn A. McEttrick*
        _____
        Richard D. King, Jr.
        rking@smithbrink.com
        Nathan A. Tilden, (P76969)
        ntilden@smithbrink.com
        Jacquelyn A. McEttrick,
        jmcettrick@smithbrink.com
        John D. Tertan
        jtertan@smithbrink.com
        38777 Six Mile Road, Suite 314
        Livonia, MI 48152
        (734) 521-9000

        350 Granite St., Suite 2303
        Braintree, MA 02184
        (617) 770-2214

        *Attorneys for Plaintiffs*

Dated:  December 6, 2016

## **CERTIFICATE OF SERVICE**

I, Jacquelyn A. McEttrick, counsel for Plaintiffs, hereby certify that on December 6, 2016, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

SMITH & BRINK:

*/s/ Jacquelyn A. McEttrick*
_____
Jacquelyn A. McEttrick
jmcettrick@smithbrink.com
38777 Six Mile Road, Suite 314
Livonia, MI 48152
(734) 521-9000

350 Granite St., Suite 2303
Braintree, MA 02184
(617) 770-2214

*Counsel for Plaintiffs Allstate Insurance Company and Allstate Property and Casualty Insurance Company*